# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JAMES JOHNSON                                                              PLAINTIFF

V.                          3:17CV0008 DPM-JTK

DAVIS GLADY, *et al*.                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. Price Marshall. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff James Johnson was in custody at the Mississippi County Detention Center when he filed this pro se 42 U.S.C. § 1983 action against Defendants and a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 2, 4, 7). Plaintiff alleges that Defendants unlawfully arrested him and wrongfully charged him with sexual assault. (Doc. No. 2). Having reviewed Plaintiff's Complaint (Doc. No. 2), the Court finds that Plaintiff's claims should be dismissed for failure to state a claim.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.    Procedural History and Background

Plaintiff sued Osceola Police Chief Davis Glady, Osceola Detective Hault, and the Osceola Police Department; he sued all Defendants in their personal and official capacities. (Doc. No. 2, at 1-2). The Court dismissed Plaintiff's claims against the Osceola Police Department, as well as his conditions of confinement claims. (Doc. Nos. 9, 16). Plaintiff's remaining claims were stayed pursuant to Younger v. Harris, 401 U.S. 37 (1971), pending the resolution of Plaintiff's underlying state-court criminal case. (Doc. Nos. 9, 16). Following the conclusion of the state-court criminal proceedings against Plaintiff, the Court granted his motion to reopen and lifted the stay in this case. (Doc. Nos. 22, 23). Accordingly, the Court will now screen Plaintiff's claims that he was unlawfully arrested and wrongfully charged with sexual assault.

Plaintiff alleges that on December 31, 2016, four unidentified officers with the Osceola Police Department came to his residence and told him that there was a warrant out for his arrest in connection with child support charges. (Doc. No. 2, at 4, 8). Once Plaintiff was at the police station, he was informed that he was going to be charged with sexual assault. (Doc. No. 2, at 4, 8). Plaintiff maintains the arrest was unlawful and he was wrongfully charged.

IV. Analysis

Plaintiff brought suit under 42 U.S.C. § 1983. To state a claim for relief under §1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff's personal-capacity claims against Defendants fail because he has not alleged any conduct by Defendants that violated his constitutional rights; rather, he appears to sue Defendants as supervisors of the arresting officers. To state a claim against Defendants in their personal capacity, Plaintiff had to indicate that Defendants were personally involved with the arrest in some way at some level. But he did not. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

If the Court construes Plaintiff's pleading to say that Defendants unlawfully arrested and wrongfully charged him, his claims are still subject to dismissal. Plaintiff does not allege lack of probable cause for his arrest; he contests the arrest only because he was later charged for sexual assault when reason initially provided for the arrest was child support. "[E]ven if [the officers] cited a different offense when [they] arrested [Plaintiff], probable cause for the arrest still exist[ed] as long as the facts known to the officer[s] would provide probable cause to arrest for the violation of some other law." Greenman v. Jessen, 787 F.3d 882, 889 (8th Cir. 2015). Further, Defendants were not responsible for determining the charges Plaintiff would face—that was the prosecuting attorney's decision.

Plaintiff's official-capacity claims also should be dismissed. "[A] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality was the driving force behind the constitutional injury. Id. Because Plaintiff has not alleged that any Osceola policy, practice, or custom caused the alleged violation of his federally-protected rights, he has failed to state an official capacity claim on which relief may be granted. To the extent that Plaintiff seeks to hold Defendants liable in their supervisory roles, a local government may not be held liable under § 1983 on the theory of respondeat superior. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).

## IV. Conclusion:

The Court recommends that Judge Marshall DISMISS James Johnson's Complaint (Doc. No. 2), without prejudice, based on his failure to state a claim. Furthermore, Judge Marshall should find that the dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and should certify

that, pursuant to 28 U.S.C. § 1915(a)(3), an in forma pauperis appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

    IT IS SO RECOMMENDED this 3rd day of October, 2018.

                                               _____
                                               JEROME T. KEARNEY
                                               UNITED STATES MAGISTRATE JUDGE